THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



November 4, 1970

Major General Ross Ayers
AGC, Texas ARNG
The Adjutant General

Opinion No. M-719

Re: Must the Adjutant General
of Texas Comply with Fed.
Ex. Order No. 11491 and
DoD No. 1426.1, although
to do so apparently would
conflict with Art. 5154c,
Dear General Ayers:          V.C.S.

You have requested a legal opinion of this office
with reference to the following questions:

"Question No. 1.  Is the Adjutant
General of Texas required to comply with
Federal Executive Order No. 11491 and
Department of Defense Directive No. 1426.1
which substantially require that the
policies contained therein shall govern
officers and agencies of the Executive
Branch of Government in all dealings
with employee organizations representing
such employees?

"Question No. 2.  May the Adjutant
General of Texas, or anyone acting for
him, recognize a labor organization of
Federal employees who are National
Guard technicians?

"Question No. 3.  Is the Adjutant
General of Texas, or anyone acting for
him, required to enter into a collec-
tive bargaining contract with a labor
organization of Federal employees who
are National Guard technicians respect-
ing their wages, hours or conditions
of employment?

-3477-

Federal Executive Order No. 11491 in Section I(a) reads as follows:

"Section 1.  Policy.  (a) Each employee of the executive branch of the Federal Government has the right, freely and without fear of penalty or reprisal, to form, join, assist a labor organization or to refrain from any such activity, and each employee shall be protected in the exercise of this right.  Except as otherwise expressly provided in this Order, the right to assist a labor organization extends to participation in the management of the organization and acting for the organization in the capacity of an organization representative, including presentation of its views to officials of the executive branch, the Congress, or other appropriate authority.  The head of each agency shall take the action required to assure that employees in the agency are apprised of their rights under this section, and that no interference, restraint, coercion, or discrimination is practiced within his agency to encourage or discourage membership in a labor organization."

Department of Defense Directive No. 1426.1 in Sections I and III A issued March 26, 1970, reads as follows:

"I.  Purpose.  This Directive established policies and procedures applicable to labor-management relations within the Department of Defense in order to promote effective, equitable, and uniform implementation within the Department of the policies, rights, and responsibilities prescribed in Executive Order 11491 (Enclosure 1).

III.   Applicability.   A.   Except as
provided in subsection B of this section
the provisions of this Directive and Exe-
cutive Order 11491 are applicable to all
components of the Department of Defense
(Military Departments, Defense Agencies
and the office of the Secretary of De-
fense), hereinafter referred to as "DoD
components," including nonappropriated
fund activities under their cognizance.
With respect to matters covered by this
Directive only, the Chief of the Nation-
al Guard Bureau and the Chiefs of the
Army and Air Force Exchange Service and
the Army and Air Force Motion Picture
Service may make those decisions and
take those actions which are the respon-
sibility of the head of a DoD component,
providing such authority is expressly
delegated by both the Secretary of the
Army and Secretary of the Air Force on
or after the date of issuance of this
Directive.   When such authority has
been delegated, this phrase "DoD compo-
nent" appearing in this Directive shall
be understood as applying to the National
Guard Bureau, the Army and Air Force Mo-
tion Picture Service as well as to the
Military Departments, the Defense Agen-
cies, and OSD."

Pertinent also is Title 32, USCA 709, and National
Guard Regulation No. 51 and Air National Guard Regulation
No. 40-01 adopted pursuant thereto, the Foreword of which
provides:

"This is the regulation prescribed
under Act of 13 August 1968 (82 Stat.
755; 32 USC 709) by the Secretary of
the Army and the Secretary of the Air
Force and approved by the Secretary of
Defense for the administration of Na-
tional Guard technicians.   As required,
it modified and supplements the Civil
Service laws, and Civil Service Commis-
sion and Department of Defense civilian

personnel regulations and rules. This
regulation will be used in lieu of Army
and Air Force civilian personnel regula-
tions which are not applicable to the
administration of National Guard tech-
nicians. It will be used by the State
Adjutant General, together with the
Civil Service Commission's Federal Per-
sonnel Manual System and applicable
issuances of other Federal agencies as
specified herein, in administering
technicians as Federal civilian employ-
ees. This regulation is also used by
operating officials below the State
level in carrying out their responsi-
bilities for the technician program
and in keeping technicians informed.
It is equally applicable to both Army
and Air National Guard technicians
and must be uniformly applied. These
technicians are by law Federal employ-
ees of the Army or the Air Force, as
determined by their service assignment.
As Federal employees, technicians are
subject to all Civil Service laws and
Civil Service Commission and Depart-
ment of Defense civilian personnel
rules and regulations, except as modi-
fied by this regulation. Changes to
this regulation may be issued as re-
quired only after prior approval by
the Secretaries of the Army, Air Force
and Defense. This requirement applies
to all substantive policy and proce-
dural changes, as well as proposals
for changes in current authorities
for the technician program." (Emphasis
added.)

Title 32, USCA 700 and its implementing National Guard
Regulation No. 51, para. 2-4, vests authority for the adminis-
tration of National Guard technicians in the Chief, National
Guard Bureau, and delegates to the Adjutant General of each
State the responsibility for "implementation and administration
of the technician program," including "compliance with Statutes
and regulations concerning management and administration of the

above cited.   Furthermore, it is our opinion that the Adjutant
General of Texas, a State of Texas Official, who is appointed
by the Governor of Texas, is not prohibited by Article 5154c
from complying with the provisions of Federal Executive Order
No. 11491, DoD Directive No. 1421.1 and NGR 51/ANGR 40-01.

While it might initially appear that Article 5154c
and Executive Order No. 11491, DoD Directive No. 1421.1 and
NGR 51/ANGR 40-01 are in direct conflict, the Federal provi-
sions apparently granting to federal employees all the rights
and privileges denied employees of the State of Texas, it is
not necessary to find a conflict when we consider that the
definition of public employees covered by Article 5154c is
limited to employees of the State of Texas or one of its sub-
divisions.

We do not believe the Legislature intended that the
public employees covered by Article 5154c should include
employees of the federal government.   In any event, it is well
settled that when federal law and state law conflict in the same
areas of jurisdiction and subject matter, the state law must
yield to and is preempted by valid federal law.   Mayo v. U.S.,
63 S. Ct. 1137, 319 U.S. 441: U.S. v. Georgia Public Service
Comm., 83 S. Ct. 397, 371 U.S. 285; U.S. v. Allegheny County Pa.,
64 S. Ct. 908, 322 U.S. 174; Maryland v. Wirtz, 88 S. Ct. 2017,
392 U.S. 183.   We must presume under the well settled canons
of statutory construction that the Legislature did not intend
to enact invalid legislation and did not intend that Article
5154c should cover federal employees.

We pass now to consideration of whether the Adjutant
General, as an officer of the State of Texas but in command
and supervision of these federal employees and as a federal
agent must comply with the Executive Order and Defense Direc-
tive in question.   Our opinion is that he must.   Article 5781,
Vernon's Civil Statutes, with reference to his powers and
duties, in its relevant portions, provides, as follows:

> "Section 4....He...shall perform as near as
> practicable, such duties as pertain to the
> Chiefs of Staff of the Army and Air Force
> and the Secretaries of the military services,
> under the regulations and customs of the
> United States Armed Forces....

technician programs."  The Adjutant General is further expressly charged, among other things, with employment, assignment, promotion, reassignment, suspension, discipline and separation of technicians, determination of their technical qualifications and ability to perform their duties, maintaining control of expenditure of man months and funds, authorizing administrative absences, establishing the hours of duty and the work week, and providing information to technicians on their responsibilities and obligations as federal employees and concerning their privileges and rights, including the right of appeal and the procedures for requesting review of grievances and complaints. Paragraph 2-4b (20) further provides that the Adjutant Generals of each state shall exercise such other authority as may be delegated to them by the Chief, National Guard Bureau.  As a General Officer of the National Guard he is subject to designation by the federal government to act as its agent when so authorized and as permitted by Article XVI, Sections 33 and 40, Constitution of Texas.

You are concerned whether Article 5154c, Vernon's Civil Statutes, Sections 1 and 2, are applicable to National Guard technicians and their relationship to the Adjutant General.  The Sections read, in part:

> "Section 1.  It is declared to be against the public policy of the State of Texas for any official or group of officials of the State, or of a County, City or Municipality or other political subdivision of the State, to enter into a collective bargaining contract with a labor organization respecting the wages, hours, or conditions of employment of public employees, and any such contracts entered into after the effective date of this Act shall be null and void.

> "Section 2.  It is declared to be against the public policy of the State of Texas for any such official or group of officials to recognize a labor organization as the bargaining agent for any group of public employees."

In answer to your first question, we have concluded that we must give an affirmative answer.  The technicians of the Texas National Guard and the Texas Air National Guard are federal employees, who must be governed by the federal laws

"Section 8.  The Adjutant General shall pre-
scribe regulations not inconsistent with
the law for the government of his depart-
ment..."

In answer to your second and third questions you are
advised that in the opinion of this office both of these ques-
tions may be answered in the affirmative, provided, however,
that the Chief, National Guard Bureau, has delegated the respon-
sibility to the Adjutant General to recognize a labor organiza-
tion of federal employee National Guard technicians and enter
into a collective bargaining contract with such employees
pursuant to the federal laws heretofore cited.  The National
Guard Regulation No. 51 does not expressly cover recognition
of labor unions and collective bargaining and consequently
there remains the question of interpretation as to whether
such matters are impliedly delegated to an Adjutant General.
It has been a policy of this office not to interpret federal
laws and regulations nor to advise with reference to the
duties of federal agencies.  Attorney General Opinion No.
C-90 (1963).  Consequently, we must defer this matter to the
Chief, National Guard Bureau, who is authorized by that regu-
lation to delegate such authority to the Adjutant General.
You are, therefore, advised to contact that office for its
interpretation of authority or delegation thereof, to collec-
tively bargain and recognize such a labor organization.  We
find no state law impediments to the exercise of such authority,
provided it is properly delegated to the Adjutant General by the
National Guard Bureau.

This opinion does not apply to those National Guard
technicians who are employed as state employees and receive
pay from state appropriations.  The Adjutant General may not
recognize a labor union representing such employees or nego-
tiate a collective bargaining contract with them.  Article
5154c.

                    S U M M A R Y

Federal Executive Order No. 11491, DoD
Directive No. 1421.1 and NGR 51/ANGR 40-01
grant to federal employees who are employed
by the Texas National Guard and the Texas Air
National Guard as technicians the right to be-
long to a labor organization that represents

them in all matters pertaining to their employment.  State employee National Guard technicians paid by the State have no such right, however.

The Adjutant General may recognize a labor organization of such <u>federal employee</u> National Guard technicians and enter into a collective bargaining contract with them, provided the Chief, National Guard Bureau, properly delegates such responsibility to him. The Attorney General of Texas will defer construction of federal laws and regulations to the appropriate federal authorities.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ronald E. Luna
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Wayne R. Rodgers
Houghton Brownlee
Harold Kennedy
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant